UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY L. MILES<br>f/k/a KIMBERLY B. LOVINS,<br>Plaintiff<br><br>V.<br><br>EXP@NETS, INC.,<br>LUCENT TECHNOLOGIES,<br>AVAYA LLC,<br>AVAYA, INC., EXP@NETS 401(k)<br>SAVINGS PLAN, PUTNAM<br>FIDUCIARY TRUST COMPANY and<br>MELLON HR SOLUTIONS LLC<br>Defendants | 04 10774 NG<br><br>CIVIL ACTION NO.<br>MAGISTRATE JUDGE |

COMPLAINT AND JURY DEMAND

INTRODUCTION

This is a civil action arising under the Employee Income Retirement Security Act of 1974, and more particularly, Section 1132(a)(1)(B) thereof. By this Complaint, the Plaintiff Kimberly L. Miles, f/k/a Kimberly B. Lovins, seeks to recover benefits due to her under the terms of a certain profit sharing and cash plan and to enforce her rights under the terms of the plan.

The Plaintiff asserts claims for declaratory judgment clarifying her rights under the plan and against certain defendants; breach of contract based on the defendants' violations of 26 USC §401 and 411; and the return of monies wrongfully withheld by the Defendants. The Plaintiff also asserts claims for breach of fiduciary duty against

Exp@nets, Inc. and Putnam Fiduciary Trust Company, as trustee of the aforementioned profit sharing and cash plan.

## PARTIES

1. The Plaintiff, Kimberly L. Miles, f/k/a Kimberly B. Lovins ("Miles"), is an individual residing in Winchester, Middlesex County, Massachusetts.

2. The Defendant, Lucent Technologies ("Lucent"), is a foreign corporation transacting business in Massachusetts and may be found in Massachusetts.

3. At all times relevant to the allegations contained in this Complaint, Lucent was the legal entity that originally retained the employment services of Miles in or about October 1997.

4. Upon information and belief, the Lucent division for which Miles worked was sold to Exp@nets Inc.

5. The Defendant, Exp@nets, Inc. ("Exp@nets"), has a principal place of business in Englewood, Colorado, and at all times relevant to the allegations contained in this Complaint, had a place of business in New York.

6. At all times relevant to the allegations contained in this Complaint, Exp@nets transacted business in Massachusetts.

7. Upon information and belief, Exp@nets continues to transact business in Massachusetts and may be found in Massachusetts.

8. The "Exp@nets 401(k) Savings Plan" (the "Exp@nets Plan") is a profit sharing and cash plan under 26 USC §401 and 401(k).

9. Upon information and belief, Exp@nets was sold to Avaya, LLC, a wholly-owned subsidiary of Avaya, Inc. (hereinafter collectively referred to as "Avaya"). Upon information and belief, Avaya transacts business in Massachusetts and may be found in Massachusetts.

10. Putnam Fiduciary Trust Company ("Putnam"), at all times relevant to the allegations in this Complaint, was the Trustee of the Exp@nets Plan, which is the subject of this Complaint, and maintains offices in Boston, Massachusetts.

11. Mellon HR Solutions LLC ("Mellon"), is, upon information and belief, the current Trustee of the Exp@nets Plan, and is registered with the Office of the Secretary of the Commonwealth as a foreign limited liability company.

## JURISDICTION AND VENUE

12. Jurisdiction is conferred on this district court under Title 29 U.S.C. §1132 (e)(1).

13. Venue is proper under Title 29 U.S.C. §1132 (e)(2) by virtue of the Defendants being found in Massachusetts.

## FACTS

14. On or about October 13, 1997, Miles commenced employment with Lucent.

15. During the period of Miles' employment with Lucent, Miles participated as a contributing member of Lucent's plan pursuant to 26 USC 401 (the "Lucent Plan").

16. At all times relevant to the allegations contained in this Complaint, and upon information and belief, the Lucent Plan was a duly organized and existing plan as defined in Title 26 USC §401, and its subparagraphs, and Tile 26 USC §411, and its subparagraphs.

3

17. At all times relevant to the allegations contained in this Complaint, the Lucent Plan was designed and intended to qualify under all of the requirements of Title 26 USC 401, more particularly Sections 401(a) and (k).

18. At all times relevant to the facts and allegations contained in this Complaint, Miles was a qualified and vested participant in the Lucent Plan.

19. Under the terms of the Lucent Plan, employees who contributed to the Lucent Plan became vested participants upon three or more years of service with Lucent.

20. Upon information and belief, the Lucent division for which Miles worked was sold to Exp@nets Inc. in or about April 2000.

21. Exp@nets informed Miles that it adopted the Lucent Plan, which became known and identified as the "Exp@nets 401(k) Savings Plan". The Summary Plan Description is attached hereto as Exhibit A and made part of this Complaint.

22. The vesting percentage as set forth by the Exp@nets Plan provided that employees who contributed to the Plan prior to May 1, 2000 and provided more than three years of service, but less than four years of service were eligible to receive a 75% non-forfeitable percentage of their matching account and profit sharing account; employees who provided four years or more of service were considered 100% vested in their matching account and profit sharing account.

23. On April 11, 2001, Miles voluntarily terminated her employment with Exp@nets, but was paid through May 31, 2001.

24. During the period between April 11, 2001 and May 31, 2001, both Miles and Exp@nets continued to contribute to the Exp@nets Plan.

25. Exp@nets informed Miles, for the first time, by notice dated April 26, 2001, that it "previously overstated" the vested percentage of the matching contribution account (the "4/26/01 Notice"). A copy of this notice is attached hereto as Exhibit B and made part of this Complaint.

26. More specifically, the change was that Lucent employees hired on or after August 1, 1997 would have a 0% vested percentage if they had less than five years of service.

27. Moreover, the amendment to the vesting schedule required that employees hired on or after August 1, 1997 have five or more years of service as a prerequisite to becoming 100% vested in the Exp@nets Plan. (Exhibit B).

28. This change in the vesting schedule from a three-year to a five-year cliff deprives Miles of her benefits originally offered under the Lucent Plan and the Exp@nets Plan, in violation of Title 26 USC §401 and 411.

29. All of the benefits due to Miles in accordance with the Lucent Plan and Exp@nets Plan were and are vested and non-forfeitable, and Miles has duly complied with all the conditions in order to receive such benefits.

30. Subsequent to Miles' cessation of employment with Exp@nets, Miles requested payment of all benefits accrued in accordance with the Exp@nets Plan.

31. Exp@nets failed, refused and neglected to return to Miles benefits due to her under the Lucent Plan and the Exp@nets Plan.

32. Avaya, as successor corporation to Exp@nets failed, and Putnam, as trustee of the Exp@nets Plan, refused and neglected to return to Miles benefits due to her under the Exp@ets Plan.

## COUNTS

### COUNT ONE: Declaratory Judgment

33. Miles incorporates herein by reference the averments of paragraphs one through thirty-two set forth above, as if set forth in full herein.

34. All of the benefits due to Miles in accordance with the Lucent Plan and Exp@nets Plan were and are vested and non-forfeitable.

35. Exp@nets' actions of decreasing the vested percentage of the matching contribution account when it changed the vesting schedule from a three year to five year cliff deprive Miles of all rights and benefits accrued under both the Lucent Plan and the Exp@nets Plan.

36. The change in the vesting schedule constitutes a violation of Title 26 USC §401 and §411 and there is therefore an actual controversy.

37. As a direct and proximate result of Exp@nets' actions, Miles has sustained damages in an amount which represents benefits due to Miles under the terms of the Lucent Plan and the Exp@nets Plan, plus prejudgment interest and attorneys fees.

WHEREFORE, the plaintiff, Kimberly L. Miles f/k/a Kimberly B. Lovins, requests a declaratory judgment against the Defendants Lucent Technologies, Exp@nets, Inc., Exp@nets 401(k) Savings Plan, Avaya LLC and Avaya, Inc., declaring that all rights and benefits due to her are vested and nonforfeitable and to award the Plaintiff a money judgment for all sums due and owing, plus prejudgment interest, attorneys fees, multiple damages and granting the Plaintiff such other and further relief as the Court may deem just and proper.

### COUNT TWO: Violation of 26 USC §401 and 411

38. Miles incorporates herein by reference the averments of paragraphs one through thirty-seven set forth above, as if set forth in full herein.

39. All of the benefits due to Miles in accordance with the Lucent Plan and Exp@nets Plan were and are vested and non-forfeitable.

40. Exp@nets' actions of decreasing the vested percentage of the matching contribution account when it changed the vesting schedule from a three year to five year cliff deprive Miles of all rights and benefits accrued under both the Lucent Plan and the Exp@nets Plan.

41. This change in the vesting schedule is a violation of Title 26 USC §401 and §411.

42. As a direct and proximate result of Exp@nets' actions, Miles has sustained damages in an amount which represents benefits due to Miles under the terms of the Lucent Plan and the Exp@nets Plan, plus prejudgment interest and attorneys fees.

WHEREFORE, the plaintiff, Kimberly L. Miles f/k/a Kimberly B. Lovins, requests that this Court order the Defendants Lucent Technologies, Exp@nets, Inc., Exp@nets 401(k) Savings Plan, Avaya LLC and Avaya, Inc. to pay the Plaintiff all benefits due to her under the Lucent Plan and Exp@nets Plan; award the Plaintiff prejudgment interest from date of the Plaintiff's cessation of employment with Exp@nets through the date of judgment; award the Plaintiff attorneys fees and multiple damages, court costs and all other reasonable costs incurred; and grant the Plaintiff such other and further relief as the Court may deem just and proper.

## COUNT THREE: Breach of fiduciary duty

43. Miles incorporates herein by reference the averments of paragraphs one through forty-two set forth above, as if set forth in full herein.

44. All of the benefits due to Miles in accordance with the Lucent Plan and Exp@nets Plan were and are vested and non-forfeitable.

45. Exp@nets' actions of decreasing the vested percentage of the matching contribution account when it changed the vesting schedule from a three year to five year cliff deprive Miles of all rights and benefits accrued under both the Lucent Plan and the Exp@nets Plan.

46. This change in the vesting schedule is a violation of Title 26 USC §401 and §411.

47. Exp@nets owed to Miles, as a participant of the Exp@nets Plan, the fiduciary duties of good faith and loyalty.

48. At all times relevant to Miles' status as a participant of the Exp@nets Plan, Putnam Fiduciary Trust Company was the Trustee of the Exp@nets Plan.

49. As Trustee of the Exp@nets Plan, Putnam owed to Miles, as a participant of the Exp@nets Plan, the fiduciary duties of good faith and loyalty.

50. As a direct and proximate result of Exp@nets' and Putnam's breaches of the fiduciary duties of good faith and loyalty, Miles sustained damages in an amount which represents benefits due to Miles under the terms of the Lucent Plan and the Exp@nets Plan, plus prejudgment interest and attorneys fees.

WHEREFORE, the plaintiff, Kimberly L. Miles f/k/a Kimberly B. Lovins, requests that this Court enter judgment against the Defendant Putnam Fiduciary Trust Company and Exp@nets,

Inc. for damages incurred as a result of their breach of fiduciary duties; order Putnam and Exp@nets to pay the Plaintiff all benefits due to her under the Lucent Plan and Exp@nets Plan; award the Plaintiff prejudgment interest from date of the Plaintiff's cessation of employment with Exp@nets through the date of judgment; award the Plaintiff attorneys fees and multiple damages, court costs and all other reasonable costs incurred; and grant the Plaintiff such other and further relief as the Court may deem just and proper.

### COUNT FOUR: Declaratory Judgment

51. Miles incorporates herein by reference the averments of paragraphs one through fifty set forth above, as if set forth in full herein.

52. All of the benefits due to Miles in accordance with the Lucent Plan and the Exp@nets Plan were and are vested and non-forfeitable.

53. The benefits owed to Miles in accordance with the Lucent Plan and the Exp@nets Plan, upon information and belief, have been transferred to Mellon, as the current Trustee of the Exp@nets Plan.

54. Mellon is obligated to Miles to turn over all benefits owed to her under the Lucent Plan and the Exp@nets Plan, which were, and continue to be, wrongfully withheld as a result of the aforementioned change in the vesting schedule by Exp@nets, the Exp@nets Plan, and/or Putnam.

55. The wrongful withholding of the benefits owed to Miles creates an actual controversy.

WHEREFORE, the plaintiff, Kimberly L. Miles f/k/a Kimberly B. Lovins, requests a declaratory judgment against the Defendant Mellon HR Solutions LLC, declaring that all rights and benefits due to her are vested and nonforfeitable and to award the Plaintiff a money judgment

for all sums due and owing, plus prejudgment interest, attorneys fees, multiple damages and granting the Plaintiff such other and further relief as the Court may deem just and proper.

JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

                                          KIMBERLY MILES, f/k/a
                                        KIMBERLY LOVINS
                                        By her attorneys,

*/s/ Nelson P. Lovins*
Nelson P. Lovins, BBO#306020
Lovins & Metcalf
10 Cedar Street
Woburn, Ma 01801
(781) 938-8800

*/s/ Carolyn M. Turner*
Carolyn M. Turner, BBO#561018
Lovins & Metcalf
10 Cedar Street
Woburn, Ma 01801
(781) 938-8800

Dated: April ___, 2004